## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 16-60911-CV-ALTONAGA/O'Sullivan

MANUEL A. TORRES,

     Plaintiff,

     v.

NATIONWIDE VAN LINES, INC., a
Florida corporation, and
TALI MASKALIK, individually,

     Defendants.

_____/

### PLAINTIFF'S STATEMENT OF CLAIM

Plaintiff, MANUEL A. TORRES, by and through his undersigned counsel hereby files his Statement of Claim pursuant to this Court's Order, ECF No. 5. In support of this statement, Plaintiff states as follows[1]:

A. <u>An Initial Estimate of the Total Amount of Alleged Unpaid Wages</u>

Plaintiff estimates that his total amount of unpaid wages is, at minimum, **$13,528**, exclusive of liquidated damages, attorney's fees and costs. If liquidated damages are awarded, Plaintiff's minimum claim will be $27,056.

B. <u>A Preliminary Calculation of Such Wages</u>

***April 25, 2013 through December 31, 2014***

Throughout the course of Plaintiff's employment with Defendants, Plaintiff was misclassified as an independent contractor. The relevant time period for the purposes of this

---

[1] The damage calculations contained herein pertain only to Count I of the Complaint. Plaintiff seeks further damages for Defendant's breach of oral contract (Count II).

Complaint is April 25, 2013 through February 14, 2016[2]. Between April 25, 2013 and December 2014, Plaintiff worked in a customer service capacity where he addressed customer complaints. During that period of time (88 weeks), Plaintiff worked approximately 65 hours per week. Plaintiff was paid a flat rate of $600/week regardless of the hours he worked. Assuming that the $600/week was meant to pay him for 40 regular hours, Plaintiff is owed $22.50/OT hour ($600 / 40 regular hours = $15/hour. $15/hour x 1.5 = $22.50/OT hour). If, however, discovery demonstrates that $600/week was to pay Plaintiff for 65 hours, then Plaintiff is owed $4.62/OT hour ($600/week / 65 regular hours = $9.23/hour. $9.23/hour / 2 = $4.62/OT hour). For that period of time, Plaintiff would be owed between **$10,048.50** ($4.62/OT hour x 25 OT hours x 87 weeks) and **$48,937.50** ($22.50/OT hour x 25 OT hours x 87 weeks).

### *January 2015 through February 14, 2016*

From January 2015 until Plaintiff's separation on February 14, 2016, Plaintiff's job duties changed. During this time, Plaintiff drove to various real estate agencies dropping off promotional and advertising materials and advising agencies of the company's offerings and prices. Plaintiff was still misclassified as an independent contractor and was not paid for his overtime. Plaintiff worked approximately 50 hours per week during this time period. However, Plaintiff was paid a flat rate of $600/week regardless of the hours he worked. Assuming that the $600/week was meant to pay him for 40 regular hours, Plaintiff is owed $22.50/OT hour ($600 / 40 regular hours = $15/hour. $15/hour x 1.5 = $22.50/OT hour). If, however, discovery demonstrates that $600/week was to pay Plaintiff for 50 hours, then Plaintiff is owed $6/OT hour ($600/week / 50 regular hours = $12/hour. $12/hour / 2 = $6/OT hour). For that period of time,

---

[2] Plaintiff alleges in his Complaint that Defendants' actions were willful and therefore is seeking damages for a period of three (3) years prior to the filing of the Complaint. ECF No. 1.

Plaintiff would be owed between **$3,480** ($6/OT hour x 10 OT hours x 58 weeks) and **$13,050** ($22.50/OT hour x 10 OT hours x 58 weeks).

    C.  <u>The Approximate Period During Which the Alleged FLSA Violations Occurred</u>

    The violations of the FLSA have occurred since Plaintiff began his employment with Defendant in 2010. However, for the purposes of this suit, the relevant time frame is April 25, 2013 through February 14, 2016.

    D.  <u>The Nature of the Wages</u>

    The wages claimed are overtime wages. Plaintiff reserves the right, however, to claim minimum wages are owed if discovery demonstrates that he was not paid minimum wage for all hours worked.

Dated:  May 6, 2016.

                        **LAW OFFICES OF CHARLES EISS, P.L.**
                        Attorneys for Plaintiff
                        7951 SW 6th Street, Suite 308
                        Plantation, Florida 33324
                        (954) 914-7890 (Telephone)
                        (855) 423-5298 (Facsimile)

        By:    **/s/Lindsay Marie Massillon**
                        CHARLES M. EISS, Esq.
                        Fla. Bar #612073
                        ceiss@icelawfirm.com
                        LINDSAY M. MASSILLON, Esq.
                        Fla. Bar #92098
                        lmassillon@icelawfirm.com
                        NATHALY LEWIS, Esq.
                        Fla. Bar #118315
                        nlewis@icelawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 6th day of May, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Lindsay Marie Massillon
LINDSAY MARIE MASSILLON, ESQ.

<u>**SERVICE LIST**</u>

**United States District Court**
**Southern District of Florida**
*Torres v. Nationwide Van Lines, Inc. et al..*
Case No.: 16-60911-CV-ALTONAGA/O'Sullivan

Charles M. Eiss, Esq.
Florida Bar No. 612073
Email: ceiss@icelawfirm.com
Lindsay M. Massillon, Esq.
Florida Bar No. 92098
Email: lmassillon@icelawfirm.com
NATHALY LEWIS, Esq.
Fla. Bar #118315
nlewis@icelawfirm.com
**LAW OFFICES OF CHARLES EISS, P.L.**
7951 SW 6th Street, Suite 308
Plantation, Florida 33324
Tel: (954) 914-7890
Fax: (855) 423-5298

Attorneys for Plaintiff